IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANNA MARIE DAVIS                                                                                    PLAINTIFF

v.                                          4:20-cv-00945-BRW-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                                                 DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Anna Marie Davis, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Ms. Davis was forty-seven years old at the time of the administrative hearing. (Tr. 37.) Plaintiff testified she attended "some college" (*id.*) and has past relevant work as a forklift operator, housekeeping supervisor, and transformer assembler. (Tr. 23.)

The ALJ[1] found Ms. Davis had not engaged in substantial gainful activity since March 7, 2016, the alleged onset date. (Tr. 14.) She has "severe" impairments in the form of "carpal tunnel syndrome on the right with release, trigger finger, and de Quervain's tenosynovitis, status post releases bilaterally; bipolar disorder; depression; and anxiety." (*Id.*) The ALJ further found Ms. Davis did not have an impairment or combination of impairments meeting or equaling an

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15-17.)

The ALJ determined Ms. Davis had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments. (Tr. 17.) Based on the residual functional capacity assessment, the ALJ determined Ms. Davis could no longer perform her past relevant work. (Tr. 23.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert, (Tr. 53-57), the ALJ determined she could perform the jobs of cafeteria attendant and housekeeper. (Tr. 24.) Accordingly, the ALJ determined Ms. Davis was not disabled. (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

Although she raises several issues in her Brief, the crux of this case concerns Plaintiff's impaired right hand. Plaintiff testified she stopped working because, "I hurt my hand on the job." (Tr. 39.) She explained, "Because after they did surgery, I have no strength and no nothing, in this hand. My right hand. I'm predominantly right-handed. Because that's the only kind of jobs I do, is with my hands. That I know how to do." (Tr. 40.)

Plaintiff has undergone substantial treatment for her hand injury. However, the medical evidence fails to support Plaintiff's allegation she is completely disabled as a result of this injury.

Plaintiff's treating doctor, Brian Norton, M.D., an orthopedic specialist, opined on October 2, 2018, that he treated Plaintiff for pain and, "Her primary care physician ordered an EMG/nerve

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

conduction study.  [Tr. 655-657.]   The nerve study and EMG showed no objective findings consistent with peripheral nerve compression.   There are also no findings consistent with upper motor nerve pathology.   I therefore would not recommend any further treatment." (Tr. 679.)  A year earlier, Dr. Norton had previously released Plaintiff "back to full duty" because she had reached maximum medical improvement.  (Tr. 467.)

I recognize Simmie Armstrong, M.D., Plaintiff's family practice doctor stated, "I do not feel this lady [is] malingering and it is very difficult to show objectively motion type or overuse injury to extremities." However, Dr. Norton's opinions with substantiating diagnostic test results provide substantial evidence to support the ALJ's assessment that Plaintiff could perform a reduced range of light work.

Likewise, Dr. Norton's opinions provide substantial evidence to support the ALJ's conclusion that complex regional pain syndrome was not a "severe" impairment.  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).   It has "more than a minimal effect on the claimant's ability to work."   *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)   *Non-severe impairment(s).*   An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)   *Basic work activities.*   When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.   Examples of these include--
> (1)   Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)   Capacities for seeing, hearing, and speaking;
> (3)   Understanding, carrying out, and remembering simple instructions;
> (4)   Use of judgment;

>      (5)   Responding appropriately to supervision, co-workers and usual work situations; and
>      (6)   Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The medical evidence simply fails to support a claim that Plaintiff has "severe" complex regional pain syndrome. Accordingly, I find the ALJ could rightly determine ". . . this is not a 'severe' impairment." (Tr. 15.)

Plaintiff clearly suffers from some degree of limitation with the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced other arguments – including that the ALJ erred in failing to consider the opinions of her treating doctor and that the hypothetical question posed to the vocational expert was flawed – which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 9 at 10-14.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996);

*Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 10th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE